**IN THE COURT OF APPEALS OF IOWA**

No. 20-0891
Filed September 23, 2020

**IN THE INTEREST OF A.M.,**
**Minor Child,**

**D.M., Father,**
     Appellant.
_____

        Appeal from the Iowa District Court for Mahaska County, Rose Anne

Mefford, District Associate Judge.



        A father appeals the termination of his parental rights to a child.

**AFFIRMED.**



        Landon S. Small of McKelvie Law Office, Grinnell, for appellant father.

        Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant

Attorney General, for appellee State.

        Misty White, Sigourney, attorney and guardian ad litem for minor child.



        Considered by Vaitheswaran, P.J., and Tabor and Schumacher, JJ.

**VAITHESWARAN, Presiding Judge.**

A father appeals the termination of his parental rights to a child, born in 2018. He contends (1) the State failed to prove the grounds for termination cited by the district court; (2) termination was not in the child's best interests; (3) the district court should have invoked an exception to termination based on the bond he shared with the child; and (4) the district court should have afforded him additional time to achieve reunification.

## I.     Grounds for Termination

The district court terminated the father's parental rights pursuant to two statutory grounds. We may affirm if we find clear and convincing evidence to support either of the grounds. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). We will focus on Iowa Code section 232.116(1)(h) (2020), which requires proof of several elements including proof the child cannot be returned to parental custody.

When the child was approximately eleven months old, the department of human services received a report that the child's father assaulted the child's mother.[1] The father was arrested that night. The State charged him with public intoxication, second-degree criminal mischief, several counts of child endangerment, and assault while participating in a felony. The criminal court entered a no-contact order, which was later modified to permit supervised visitation between father and child.

Within days, the child's mother disappeared. She was found dead in a river, of unknown causes. The father was still in jail.

---

[1] Paternity was established after the episode.

The State applied to remove the child from parental custody. The district court granted the application and later adjudicated the child in need of assistance. The child was initially placed with relatives of the mother but was subsequently transferred to a relative of the child's half-siblings, where she remained through the balance of the proceedings.

The father was released from jail approximately three months after the child's removal. He did not immediately engage in substance-abuse or mental-health treatment. Although he was admitted into an inpatient-treatment program after the termination hearing, he did not expect to be discharged until a month after the termination hearing, and he lacked a place to live on his release. The department also reported that "[h]e continue[d] to have pending charges associated with the initiation of this service case."

The department case manager testified she could not send the child "home with [the father] today" because of "his housing situation," "concerns in regards to substance use," and concerns about his "[m]ental health and domestic violence." She opined, "Just overall, long-term stability would be a concern for the [d]epartment."

On our de novo review of the record, we conclude the State proved the elements of section 232.116(1)(h).

## II.     *Best Interests*

Termination must serve the child's best interests. *See* Iowa Code § 232.116(2). The child's guardian ad litem testified as follows:

> I would just say that I don't doubt [the father's] loyalty and desire to be a father to his daughter. I don't think that's the issue at all…. [W]hat I do doubt is [the father's] ability to be the father that [the child]

> deserves and the father that can protect her and keep her safe. . . .
> It's unrealistic that [the father] will be able to be a source of safety
> and support for [the child] in the near future.

On our de novo review we agree with this assessment. The father was simply not in a position to parent the child independently at the time of the termination hearing or in the imminent future. Because reunification would have compromised the child's safety, termination was in the child's best interests.

### III.     Exception to Termination

Iowa Code section 232.116(3)(c) provides an exception to termination based on the parent-child bond. By its terms, the exception is permissive. Iowa Code § 232.116(3) ("The court need not terminate the relationship between the parent and child . . . .").

The father exercised supervised visitation with the child twice a week and, according to the case manager, those visits went well. The service provider who supervised visits testified the child knew "he's her dad," called him "Dada," and got "excited" when he came for face-to-face visits.[2] Notwithstanding the bond they shared, we agree with the district court that, "[t]o return the child to the[ ] home at this time would subject the child to the following adjudicatory harms: father's lack of suitable housing [and] father's long history of substance abuse, instability and criminal behavior."

### IV.     Additional Time

A court may "continue placement of the child for an additional six months." *Id.* § 232.104(2)(b). The case manager expressed concerns with granting the

---

[2] The face-to-face visits were changed to video chats in light of the COVID-19 pandemic.

father additional time to work towards reunification. She noted that he "didn't really start treatment for multiple months." In her view, it was "difficult . . . to say" the father was "going to be able to have an extension and reasonably be able to have [the child] home with him at the end of that extension." The case manager also noted that the child was very young and an extension would delay permanency. We agree with these statements. We conclude the district court appropriately denied the father's request for additional time.

We affirm the termination of the father's parental rights to the child.

**AFFIRMED.**